# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

March 6, 2008

**BY HAND**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1040
New York, New York 10007

Re:   **United States v. Troy Watson**
      **07 CR 922-01 (DLC)**

Dear Judge Cote:

   I write, on behalf of Mr. Watson, in advance of sentencing which is currently scheduled for March 21, 2008. Attached to this submission are numerous letters written by Mr. Watson's friends and family, including an extraordinary outpouring of support from his community, a document signed by more than sixty people, requesting leniency on his behalf.  See Exhibits A-H.  Mr. Watson has also written an eloquent letter of his own to the Court, expressing his sincere remorse for his offense. See Exhibit I.  I ask the Court to consider the material in these letters as well as the information set forth below in determining a sentence that is "sufficient but not greater than necessary" in this case.

**Mitigating Circumstances**

   Mr. Watson is a 38 year-old father of five, who has, for the past eight years, been steadily employed, supporting his family through hard work at a well-paid union job.  Mr. Watson spent most of his twenties serving a lengthy prison sentence for his sale of more than fifty grams of crack cocaine while living in Greensboro, North Carolina.  When Mr. Watson was released from custody in 1999, he was determined that he would not return to criminal activity and would change his life.

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

March 6, 2008  
Page 2

**Re:  <u>United States v. Troy Watson</u>**  
    **07 CR 922-01 (DLC)**

And for the next 8 years, that is exactly what Mr. Watson did. He maintained steady and gainful employment in the construction industry as a carpenter and carpenter's apprentice in the Carpenter's Union, Local 608. In 2004, he completed his five year term of supervised release. And most importantly, he made it a priority to remain an active and dedicated parent to his five children, ranging in ages from 21 to 2 years old.

Mr. Watson's common-law wife of 23 years, Delinda Miller, describes her husband's work ethic in her letter to the Court, "I know [Troy] the man who gets up for work six days a week at five in the morning. He returns often by six in the evening. He returns with the tire and wears & tears consistent with hard work in the construction trade. I watch his face beam with pride when he is able to provide for our household. I watch as he sets a clear example of work and responsibility for our sons." <u>See</u> Exhibit A.

In her letter to the Court, Ms. Carrie Martin, Mr. Watson's mother, describes with pride the steps her son took to advance "through the obstacles and challenges inherent in post-prison release. My son took the steps to meet his employment requirements, He rebuilt his fractured family, he provided ample housing to his family while expending help and support to his siblings and I. No small accomplishment, all things considered." <u>See</u> Exhibit B.

Mr. Watson's family has endured more than its share of hardship and tragedy in the past ten years. In 2002, Mr. Watson's family was devastated when his youngest brother was senselessly murdered. His mother suffers from multiple life-threatening medical conditions. His seventeen year-old son, Troy, Jr. suffers from a severe case of diabetes. His six year old son, Forte, has dyslexia. Mr. Watson's youngest brother, Larnell, is autistic.

Through all of this family hardship, Mr. Watson has been the "bedrock" of his family. His mother writes of her son's contributions to their family as follows:

> Whether it was his taking me to and from medical treatments, a kind word, or using his legally hard earned money to offset the cost of medical needs: My

Honorable Denise L. Cote  March 6, 2008
United States District Judge  Page 3
Southern District of New York

Re: **United States v. Troy Watson**
    07 CR 922-01 (DLC)

son stepped up. . .Most recently, Troy and I were sharing parental responsibility of his youngest child when the mother became unable to care for the child and his various needs. Troy has also partnered with me in the rearing of his youngest brother, my son Larnell, who is autistic and enjoys a tremendously supportive relationship with Troy. Where many other men would have avoid theses responsibilities, Troy (true to form) stepped up. Id.

Mr. Watson's offense is truly inexplicable to those who know him. It is, as his brother Sean Martin writes, "unimaginable" for the Troy he knows. See Exhibit C. Mr. Watson's aunt, Dorothy Nelson, wrote in her letter to the Court: "I have to believe that something went wrong in his mind, because this just doesn't seem like him. . .this is out of character...way out of character" See Exhibit D.

As incomprehensible as his actions are to his family and even to him, Mr. Watson has nonetheless fully accepted responsibility for his offense conduct. He has written an honest and heartfelt letter to the Court. See Exhibit I. His disappointment in himself is evident in his letter as he writes, "I would have thought I've learned to contain my emotions the first time I was incarcerated for nine long years. Once again I let my stress and overworked emotions over ride my better judgement." Id.

Mr. Watson is extraordinarily remorseful for his offense conduct, not just because of the devastation it has wrought on his family, but because of the harm he caused to his victims: "As hideous as it seems, I never intended for anyone to get hurt. It's almost impossible to muster up how I feel for the people I've hurt. I deeply apologize to the courts and all the staff at the Rite Aide. I thank God that the outcome wasn't worse. . .I am truly sorry for my outrageous acts." Id.

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

March 6, 2008  
Page 4

Re: **United States v. Troy Watson**  
    **07 CR 922-01 (DLC)**

### Conclusion

On behalf of her family, Delinda Miller asks the Court to temper justice with mercy in this case, "I understand that the court has an obligation to provide justice to its citizens. . . I also know that Your Honor has the option of seeing this through the eyes of mercy and grace. I know Your Honor can choose to balance justice with a real world sense of compassion. I pray that this letter among many will move Your Honor to consider mercy in this case. . .The life altering affects of these proceedings are far reaching and all inclusive." Exhibit A.

Mr. Watson's mother echos Ms. Miller's sentiments and asks the Court to see the value in her son's life: "There is a value that is not visible in the cloud of charges over my son, but I assure you, there is value in my son's life. I am not asking you to reward him for working hard. I am not asking you to reward him for improving his life, for raising his family, for being a source of guidance and support for an elderly heath compromised Mother. . . I am asking you to simply see the worth. See the value and possibility that with your mercy, and with My Son dealing with whatever may have brought this about, He can have an opportunity to re-enter society at the earliest possible time. His presence in the life of his family is needed and speaks out to the many things he has done right in his life." Exhibit B.

I ask the Court to consider all of the circumstances set forth above in imposing a sentence that is "sufficient but not greater than necessary" in this case.

Respectfully submitted,

Jennifer Brown  
Attorney for **Troy Watson**

cc: Kenneth A. Polite, Esq.  
    Assistant United States Attorney

    Troy Watson  
    Reg. No. 16193-057  
    Metropolitan Detention Center